Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
REGIÓN JUDICIAL DE CAGUAS
PANEL XI

| | | |
|---|---|---|
| EC WASTE LLC<br><br>Apelante<br><br>V.<br><br>JLL PUERTO RICO REALTY GP, INC. Y OTROS<br><br>Apelados | KLAN202300225 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de Caguas<br><br>Caso Núm.: CG2022CV01311<br><br>Sobre: Incumplimiento de Contrato, Mala Fe Contractual & Cobro de Dinero |

Panel integrado por su presidenta; la Juez Lebrón Nieves, el Juez Adames Soto y la Jueza Martínez Cordero

*Lebrón Nieves, Juez Ponente*

## SENTENCIA

En San Juan, Puerto Rico, a 28 de abril de 2023.

El 15 de marzo de 2023, compareció ante este Tribunal de Apelaciones, EC WASTE, LLC (en adelante, parte apelante o ECW), mediante recurso de *Apelación*. Por medio de este, nos solicita que revisemos una sentencia Parcial emitida el 7 de febrero de 2023 y notificada el 8 de febrero de 2023, por el Tribunal de Primera Instancia, Sala Superior de Caguas. En virtud del aludido dictamen, el foro *a quo* desestimó sin perjuicio la demanda instada en contra de JLL Puerto Rico Realty GP, Inc. (en adelante, JLL); Compañía Desconocida, Aseguradoras A, B, y C.

Adelantamos que, por los fundamentos que expondremos a continuación, se revoca el dictamen apelado y se devuelve el caso al Tribunal de Primera Instancia para la continuación de los procedimientos de conformidad con lo aquí resuelto.

Número Identificador

SEN2023 _____

**I**

El caso de epígrafe tuvo su génesis en una *Demanda*[1] sobre cobro de dinero ordinario e incumplimiento de contrato, incoada por ECW en contra de B.H. 200 Avenue Rafael Cordero, LLC; en adelante (B.H.); JLL Puerto Rico Realty GP, Inc.; Compañía Desconocida; y Aseguradoras A, B y C en adelante (parte apelada), **el 27 de abril de 2022.** Ese mismo día, la Secretaría del foro primario expidió el emplazamiento de JLL y el mismo **fue diligenciado el 10 de agosto de 2022**. No obstante, la parte demandada no contestó la *Demanda.*

Acaecidas varias incidencias procesales, el 7 de febrero de 2023, la primera instancia judicial emitió la *Sentencia Parcial* cuya revisión nos ocupa. En virtud de esta, el foro primario desestimó sin perjuicio la demanda instada en contra de JLL Puerto Rico Realty GP, Inc., Compañía Desconocida, Aseguradoras A, B, y C.

Inconforme con tal determinación, la parte apelante presentó el 9 de febrero de 2023, *Moción de Reconsideración y Solicitud de Anotación de Rebeldía.* El 10 de febrero de 2023, el Tribunal de Primera Instancia, declaró No Ha Lugar la moción antes referida.

Aun inconforme con el dictamen emitido, la parte apelante acudió ante este foro revisor y le imputó al foro *a quo* haber cometido los siguientes errores:

A. Erró el Tribunal de Primera Instancia cuando desestimó la reclamación en contra de JLL por no haber sido emplazada dentro del término reglamentario de 120 días no obstante habérsele acreditado al Tribunal que JLL si fue emplazada dentro de dicho término.

B. Erró el Tribunal de Primera Instancia cuando rehusó anotarle la rebeldía a JLL no obstante haber transcurrido más de 5 meses desde que JLL fue debidamente emplazada sin que ésta compareciera a defenderse.

---

[1] En esencia, ECW alegó que JJL, canceló ilegalmente un contrato por medio del cual la primera proveía servicios de recogido y disposición de desperdicios sólidos en las inmediaciones del Centro Comercial Plaza Centro I, ubicado en el Municipio de Caguas. Adujo que, la parte demandada incurrió en mala fe contractual, por lo que, reclamó la suma de $18,500.00 por servicios prestados y no pagados.

En atención al recurso de *Apelación* que nos ocupa, el 17 de marzo de 2023, emitimos *Resolución*, en la cual le ordenamos a la parte apelante que nos acreditara en o antes del **viernes 24 de marzo de 2023**, haber notificado copia del recurso de epígrafe a la parte apelada, ello de conformidad con la Regla 13 (B) del Reglamento de este Tribunal[2] y al Tribunal de Primera Instancia, conforme a lo dispuesto por la Regla 14 de las Reglas del Tribunal de Apelaciones[3]. Le apercibimos a la parte apelante que, el incumplimiento con lo dispuesto, daría lugar a la desestimación del recurso.[4]

Por otro lado, le concedimos término a la parte apelada hasta el **viernes 14 de abril de 2023**, para exponer su posición en cuanto al recurso de epígrafe, con el consabido apercibimiento de que, transcurrido el término dispuesto, el recurso se entendería perfeccionado para su adjudicación final. Empero, a pesar de haber transcurrido el término concedido, la parte apelada no ha comparecido ante este foro revisor, por lo cual, damos por perfeccionado el recurso y procedemos a resolver el mismo sin el beneficio de su comparecencia.

**II**

### A. Deferencia al Tribunal de Primera Instancia

Como es sabido, nuestro Tribunal Supremo ha reiterado que los tribunales apelativos "no debemos intervenir con las determinaciones de los juzgadores de primera instancia, salvo que medie pasión, prejuicio, parcialidad o error manifiesto". *Serrano Muñoz v. Auxilio Mutuo*, 171 DPR 717, 741 (2007); *Álvarez v. Rivera*, 165 DPR 1, 25 (2005*); Rodríguez v. Concreto Mixto, Inc.*, 98 DPR 579,

---

[2] 4 LPRA Ap. XXII-B, R. 13 (B).

[3] 4 LPRA Ap. XXII-B, R. 14.

[4] El mismo día en que emitimos la referida *Resolución*, esto es, el 17 de marzo de 2023, compareció la parte apelante mediante *Moción en Cumplimiento con la Regla 14* y nos acreditó haber notificado el recurso al foro primario y a la parte apelada.

593 (1970). *Rodríguez et al. v. Hospital et al.*, 186 DPR 889, 908-909 (2012).

Ahora bien, "la tarea de determinar cuándo un tribunal ha abusado de su discreción no es una fácil. Sin embargo, no tenemos duda de que el adecuado ejercicio de discreción judicial está estrechamente relacionado con el concepto de razonabilidad". *SLG Zapata-Rivera v. J.F. Montalvo*, 189 DPR 414, 434-435 (2013).

Por eso, nuestro más Alto Foro ha definido la discreción como "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". *IG Builders et al. v. BBVAPR*, 185 DPR 307, 338 (2012). De esa manera, la discreción se "nutr[e] de un juicio racional apoyado en la razonabilidad y fundamentado en un sentido llano de justicia; no es función al antojo o voluntad de uno, sin tasa ni limitación alguna". De igual forma, "no significa poder para actuar en una forma u otra, haciendo abstracción del resto del Derecho". (Citas omitidas). *SLG Zapata-Rivera v. J.F. Montalvo*, supra, pág. 435.

Es correcto que los tribunales de instancia poseen el poder inherente para vindicar la majestad de la ley y para hacer efectiva su jurisdicción, pronunciamientos y órdenes. El efectivo funcionamiento de nuestro sistema judicial y la rápida disposición de los asuntos litigiosos, requieren que los jueces de instancia tengan gran flexibilidad y discreción para lidiar con el diario manejo y tramitación de los asuntos judiciales. Es por ello que a éstos se les ha reconocido poder y autoridad suficiente para conducir los asuntos litigiosos ante su consideración y para aplicar correctivos apropiados en la forma y manera que su buen juicio les indique. (Citas omitidas). *In re Collazo I*, 159 DPR 141, 150 (2003). Ahora bien, el Tribunal Supremo de Puerto Rico ha indicado que no intervendrá con dicha facultad de los tribunales de instancia, "excepto cuando sea absolutamente necesario con el propósito de

evitar una flagrante injusticia". *Pueblo v. Vega, Jiménez,* 121 DPR 282, 287 (1988).

## B. Emplazamiento

Como es sabido, el emplazamiento es el mecanismo procesal que permite al Tribunal adquirir jurisdicción sobre la persona del demandado, para que este quede obligado por el dictamen que, en su día, emita el foro judicial. *Cirino González v. Adm. Corrección, et al.,* 190 DPR 14, 30 (2014); *Martajeva v. Ferre Morris,* 2022 TSPR 123 (2022); *Rivera Torres v. Díaz López,* 207 DPR 636, 646-647 (2021); *Pérez Quiles v. Santiago Cintrón,* 206 DPR 379, 384 (2021); *Banco Popular v. S.L.G. Negrón,* 164 DPR 855, 863 (2005); *Márquez v. Barreto,* 143 DPR 137, 142 (1997). Dicho mecanismo procesal es parte esencial del debido proceso de ley, pues su propósito principal es notificar a la parte demandada que existe una acción judicial en su contra. De esta manera, la parte puede comparecer en el procedimiento, ser oído y presentar prueba a su favor. *Martajeva v. Ferre Morris,* supra; *Rivera Torres v. Díaz López,* supra, pág. 647; *Pérez Quiles v. Santiago Cintrón,* supra, pág. 384; *Banco Popular v. S.L.G. Negrón,* supra, pág. 863; *Global v. Salaam,* 164 DPR 474, 480 (2005); *Datiz v. Hospital Episcopal,* 163 DPR 10, 15 (2004); *Medina v. Medina,* 161 DPR 806 (2004). Por lo tanto, su adulteración constituye una flagrante violación al trato justo. *Lucero v. San Juan Star,* 159 DPR 494, 507 (2003); *Reyes v. Oriental Fed. Savs. Bank,* 133 DPR 15, 22 (1993). *Torres Zayas v. Montano Gómez, et als.,* 199 DPR 458, 467 (2017).

Conforme a lo anterior, no es hasta que se diligencia el emplazamiento y se adquiere jurisdicción que la persona puede ser considerada propiamente parte; aunque haya sido nombrada en el epígrafe de la demanda, hasta ese momento sólo es parte nominal. Véanse: *Sánchez Rivera v. Malavé Rivera,* 192 DPR 854 (2015); *Medina v. Medina, supra; Acosta v. ABC, Inc.,* 142 DPR 927 (1997).

(Énfasis en el original). *Torres Zayas v. Montano Gómez, et als.*, supra, pág. 467.

En nuestro ordenamiento jurídico, la figura del emplazamiento está regulada por la Regla 4 de las de Procedimiento Civil, 32 LPRA Ap. V. En particular, dicho precepto legal dispone que una parte que interese demandar a otra deberá presentar el formulario de emplazamiento conjuntamente con la demanda para que el Secretario o Secretaria del Tribunal lo expida inmediatamente. Regla 4.1 de las de Procedimiento Civil, 32 LPRA Ap. V. Una vez expedido el emplazamiento, la parte que lo solicita cuenta con 120 días para poder diligenciarlo. Lo anterior, a partir del momento en que se presenta la demanda o de la fecha de expedición del emplazamiento por edicto. Regla 4.3(c) de Procedimiento Civil, 32 LPRA Ap. V. En caso de que transcurra el referido término de 120 días y éste no se diligencie, el tribunal deberá dictar sentencia en la que decrete su desestimación y archivo sin perjuicio del caso ante su consideración. *Id. Torres Zayas v. Montano Gómez, et als.*, supra, págs. 467-468; *Martajeva v. Ferre Morris*, supra.

Nuestras Reglas de Procedimiento Civil establecen dos maneras para diligenciar un emplazamiento: de forma personal o mediante edicto. *Sánchez Ruiz v. Higuera Pérez*, 203 DPR 982, 987 (2020). El emplazamiento personal es el método idóneo para adquirir jurisdicción. Ahora bien, por excepción y en circunstancias específicas, nuestras Reglas de Procedimiento Civil permiten que se utilice el mecanismo del emplazamiento por edicto. Regla 4.6(a) de Procedimiento Civil, 32 LPRA Ap. V, R. 4.6(a). *Caribbean Orthopedics v. Medshape et al,* 207 DPR 994, 1005 (2021).

Al respecto, nuestra última instancia judicial ha expresado que los requisitos que dispone la regla de emplazamiento son de estricto cumplimiento. Véanse: *Rivera Torres v. Díaz López*, supra,

pág. 647; *Quiñones Román v. Cía. ABC,* 152 DPR 367, 374-375 (2000); First *Bank of P.R. v. Inmob. Nac., Inc.,* 144 DPR 901 (1998); *Rodríguez v. Nasrallah,* 118 DPR 93 (1986). Ello, pues, "el emplazamiento es un trámite medular para el cumplimiento con el debido procedimiento de ley de un demandado y afecta directamente la jurisdicción del tribunal". *Rivera v. Jaume,* 157 DPR 562, 579 (2002). *Torres Zayas v. Montano Gómez, et als.*, supra, pág. 468.

Recordemos que las normas sobre el emplazamiento "son de carácter impositivo, de las cuales no se puede dispensar. La razón de esta rigurosidad es que el emplazamiento se mueve dentro del campo del Derecho constitucional y más específicamente dentro del derecho del demandado a ser oído y notificado de cualquier reclamación en su contra". R. Hernández Colón, *Práctica jurídica de Puerto Rico: derecho procesal civil*, 6ta ed., San Juan, Ed. LexisNexis, 2017, pág. 257. *Torres Zayas v. Montano Gómez, et als., supra, pág. 468.*

En ese sentido, es menester señalar que la falta de un correcto emplazamiento a la parte contra la cual un Tribunal dicta sentencia, "produce la nulidad de la sentencia dictada por falta de jurisdicción sobre el demandado […]". *Lonzo Llanos v. Banco de la Vivienda,* 133 DPR 509, 512 (1993). Véase *Reyes v. Oriental Fed. Savs. Bank, supra,* págs. 21-22; *Rivera Torres v. Díaz López,* supra, págs. 647-648. Dicho de otro modo, "[t]oda sentencia dictada contra un demandado que no ha sido emplazado o notificado conforme a derecho es inválida y no puede ser ejecutada. Se trata de un caso de nulidad radical por imperativo constitucional". (Citas omitidas). *Torres Zayas v. Montano Gómez, et als.*, supra, págs. 468-469.

Finalmente, no podemos pasar por alto que el derecho al emplazamiento es renunciable. Tal renuncia puede suceder cuando la parte demandada se somete voluntariamente a la jurisdicción del tribunal. *Sánchez Rivera v. Malavé Rivera,* supra, págs. 872-873. "La

sumisión voluntaria suple la omisión del emplazamiento, ya que tiene el efecto de que el tribunal adquiera jurisdicción sobre la persona. Una parte puede someterse al tribunal de forma explícita o implícita. La sumisión voluntaria puede suceder cuando comparece voluntariamente y realiza algún acto sustancial que la constituya parte en el pleito". *Sánchez Rivera v. Malavé Rivera*, supra, págs. 872-873.

En cuanto a la sumisión voluntaria, el Alto Foro ha expresado también que esto se "puede hacer al cumplir voluntariamente con las órdenes del tribunal y, a solicitud de éste, presentar documentos pertinentes dirigidos a dilucidar la reclamación incoada por la parte demandante en su contra". *Vázquez v. López*, 160 DPR 714, 721 (2003).

### C. *La anotación de rebeldía*

La anotación de rebeldía se define como la posición procesal en que se coloca la parte que ha dejado de cumplir un deber procesal o de ejercitar su derecho de defenderse. *Rodríguez v. Rivera*, 155 DPR 838, 848 (2002).

Es norma ampliamente conocida que nuestro ordenamiento jurídico permite que el tribunal *motu proprio* o a solicitud de parte, le anote la rebeldía a una parte por no comparecer a contestar la demanda o a defenderse según estipulan las reglas, o como sanción. *Álamo v. Supermercado Grande, Inc.*, 158 DPR 93, 100 (2002). En ambas circunstancias, el efecto de la anotación es que se dan por ciertos los hechos que están correctamente alegados. Regla 45.1 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 45.1. *Banco Popular v. Andino Solís*, 192 DPR 172 (2015).

La figura de la rebeldía está regulada por la Regla 45.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 45.1, la cual dispone lo siguiente:

> Cuando una parte contra la cual se solicite una sentencia que concede un remedio afirmativo haya dejado de presentar alegaciones o de defenderse en otra forma según se dispone en estas reglas, y este hecho se pruebe mediante declaración jurada o de otro modo, el secretario anotará su rebeldía.
>
> El tribunal a iniciativa propia o a moción de parte podrá anotar la rebeldía a cualquier parte conforme a la Regla 34.2 (b)(3).
>
> Dicha anotación tendrá el efecto de que se den por admitidas las aseveraciones de las alegaciones afirmativas, sujeto a lo dispuesto en la Regla 45.2 (b).
>
> La omisión de anotar la rebeldía no afectará la validez de una sentencia dictada en rebeldía.

Nuestro Tribunal Supremo ha destacado el principio general de derecho de que el propósito del mecanismo de la rebeldía es desalentar el uso de la dilación como estrategia de litigación. Sobre este particular, el Alto Foro ha señalado que: "... es nota constitutiva de la justicia el tiempo oportuno, por lo que una dilación en la respuesta judicial puede ser una fuente de injusticia". En otras palabras, "**justicia tardía** equivale a la denegación de la justicia misma". La rebeldía "es la posición procesal en que se coloca la parte que ha dejado de ejercitar su derecho a defenderse o de cumplir con su deber procesal". *Rivera Figueroa v. Joe's European Shop*, 183 DPR 580, 587 (2011).

De acuerdo con nuestro ordenamiento procesal civil son tres los fundamentos por los cuales una parte puede ser declarada en rebeldía. **El primero y más común es simplemente por no comparecer al proceso después de haber sido debidamente emplazada. En este contexto el demandado que así actúa no incumple con un deber pues tiene el derecho o facultad de no comparecer si no desea hacerlo. Sin embargo, lo que el ordenamiento no permite es que, ante el ejercicio de esa facultad o derecho, el proceso se paralice. Es en ese momento que entra en función el mecanismo procesal de la rebeldía, de manera que la causa de acción continúe dilucidándose sin que**

**necesariamente la parte demandada participe. Queda claro entonces que, en virtud de este mecanismo procesal, el ejercicio de la prerrogativa por parte de un demandado de actuar en rebeldía no consigue dilatar el litigio en su contra y constituye una renuncia a la realización de ciertos actos procesales, en perjuicio de sus propios intereses.** *Rivera Figueroa v. Joe's European Shop*, supra, pág. 588.

El segundo fundamento para que una parte pueda ser declarada en rebeldía surge en el momento en que el demandado no formula contestación o alegación responsiva alguna en el término concedido por ley, habiendo comparecido mediante alguna moción previa de donde no surja la intención clara de defenderse.[5] Desde ese momento la parte demandante puede solicitar o el tribunal *motu proprio* puede declarar a la parte en rebeldía.

El tercer fundamento surge cuando una parte se niega a descubrir su prueba después de haber sido requerido mediante los métodos de descubrimiento de prueba, o simplemente cuando una parte ha incumplido con alguna orden del tribunal. En esta instancia y como medida de sanción, el demandante puede solicitar o el tribunal *motu proprio* puede declarar a la parte que ha incumplido en rebeldía. *Id.*

De otra parte, aunque la rebeldía constituye un mecanismo procesal discrecional para el foro de instancia, tal discreción no se sostiene ante el ejercicio burdo o injusto. Por ejemplo, la Regla 34.3(b)(3) de Procedimiento Civil, 32 L.P.R.A. Ap. V, dispone que el tribunal podrá dictar "todas aquellas ordenes que sean justas" entre ellas, sentencias en rebeldía. De manera que, la anotación de rebeldía o el dictar sentencia en rebeldía a una parte como sanción por su incumplimiento con una orden del tribunal siempre debe

---

[5] Wright, Miller & Kane, Federal Practice and Procedure, Civil 2d., secs. 2682 y 2686.

darse dentro del marco de lo que es justo, y la ausencia de tal justicia equivaldría a un abuso de discreción.[6]

Finalmente, en su penúltimo párrafo la Regla 45.1 de Procedimiento Civil, *supra*, señala los efectos o consecuencias de la anotación de rebeldía. Estos efectos se resumen en que se dan por admitidos todos los hechos bien alegados en la demanda o la alegación que se haya formulado contra el rebelde y se autoriza al tribunal para que dicte sentencia[7] si ésta procede como cuestión de derecho.[8]

Por último, es una norma firmemente establecida que el tribunal apelativo no intervendrá con la discreción del tribunal de instancia, "salvo que se demuestre que hubo un craso abuso de discreción o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial". *Zorniak Air Services v. Cessna Aircraft Co.,* 132 DPR 170, 181 (1992); *Lluch v. España Service Station,* 117 DPR 729, 745 (1986).

### III

En su *primer señalamiento de error,* la parte apelante nos plantea que, erró el Tribunal de Primera Instancia al desestimar la reclamación en contra de JLL, por no haber sido emplazada dentro del término reglamentario de 120 días, a pesar de habérsele

---

[6] *Díaz v. Tribunal Superior*, 93 DPR 79 (1966).

[7] La Regla 45.1 de Procedimiento Civil, *supra*, advierte que la sentencia en rebeldía dictada por el tribunal deberá cumplir con las disposiciones de la Regla 45.2(b) de Procedimiento Civil, *supra*, en las circunstancias que así lo ameriten. Esto es: no se dictará sentencia en rebeldía contra un(a) menor o una persona incapacitada a menos que estén representados(as) por el padre, madre, tutor(a), defensor(a) judicial u otro(a) representante que haya comparecido en el pleito. Si para que el tribunal pueda dictar sentencia o para ejecutarla se hace necesario fijar el estado de una cuenta, o determinar el importe de los daños, o comprobar la veracidad de cualquier aseveración mediante prueba o hacer una investigación de cualquier otro asunto, el tribunal deberá celebrar las vistas que crea necesarias y adecuadas o encomendar la cuestión a un comisionado o comisionada. Cuando la parte contra la cual se solicita sentencia en rebeldía haya comparecido en el pleito, dicha parte será notificada del señalamiento de cualquier vista en rebeldía que celebre.

[8] *Continental Insurance v. Isleta Marina,* 106 DPR 809 (1978).

acreditado al Tribunal que JLL fue emplazada dentro de dicho término. Adelantamos que, le asiste la razón a la parte apelante.

Conforme esbozado previamente, en nuestro ordenamiento jurídico, la figura del emplazamiento está regulada por la Regla 4 de las de Procedimiento Civil, *supra*. En particular, dicho precepto legal dispone que una parte que interese demandar a otra deberá presentar el formulario de emplazamiento conjuntamente con la demanda para que el Secretario o Secretaria del Tribunal lo expida inmediatamente. Regla 4.1 de las de Procedimiento Civil, *supra*. **Una vez expedido el emplazamiento, la parte que lo solicita cuenta con 120 días para poder diligenciarlo. Lo anterior, a partir del momento en que se presenta la demanda o de la fecha de expedición del emplazamiento por edicto.** Regla 4.3(c) de Procedimiento Civil, *supra*. En caso de que transcurra el referido término de 120 días y éste no se diligencie, el tribunal deberá dictar sentencia en la que decrete su desestimación y archivo sin perjuicio del caso ante su consideración. *Id. Torres Zayas v. Montano Gómez, et als.*, supra, págs. 467-468; *Martajeva v. Ferre Morris*, supra.

Tal y como se desprende del tracto procesal del caso de marras, la parte apelante instó su causa de acción ante el foro primario **el 27 de abril de 2022. Ese mismo día**, **la Secretaría** del foro apelado **expidió el emplazamiento de JLL**, por lo que, el término de 120 días que disponía la parte apelante para diligenciar el emplazamiento de JLL, **vencía el 26 de agosto de 2022.** Surge del expediente ante nuestra consideración que, el emplazamiento de JLL **fue diligenciado el 10 de agosto de 2022**, esto es, **16 días antes de que venciera término reglamentario de 120 días**.

Si bien es cierto que la parte apelante no presentó ante el foro primario el emplazamiento tan pronto el mismo fue diligenciado, sí acreditó el mismo mediante su *Moción de Reconsideración y Anotación de Rebeldía*. Sin embargo, el foro a quo hizo caso omiso

de tal incidencia procesal y se rehusó a reconsiderar su dictamen desestimatorio. Consecuentemente, concluimos que, en efecto, incidió el foro *a quo* al desestimar la demanda sin perjuicio bajo el fundamento de no haberse diligenciado el emplazamiento dentro del término reglamentario.

Por otro lado, en su *segundo señalamiento de error*, nos plantea la parte apelante que, erró el Tribunal de Primera Instancia al rehusarse a anotarle la rebeldía a JLL, a pesar de haber transcurrido más de 5 meses desde que dicha parte fue debidamente emplazada, sin que compareciera a defenderse. Veamos.

En torno a la anotación de rebeldía, la Regla 45.1 de Procedimiento Civil, *supra*, dispone lo siguiente:

> Cuando una parte contra la cual se solicite una sentencia que concede un remedio afirmativo haya dejado de presentar alegaciones o de defenderse en otra forma según se dispone en estas reglas, y este hecho se pruebe mediante declaración jurada o de otro modo, el secretario anotará su rebeldía.

> El tribunal a iniciativa propia o a moción de parte podrá anotar la rebeldía a cualquier parte conforme a la Regla 34.2 (b)(3).

Como señalamos previamente, la parte apelada JLL fue debidamente **emplazada el 10 de agosto de 2022**. Sin embargo, conforme surge del tracto procesal del caso, dicha parte no contestó, a pesar de haber decursado el término reglamentario de 30 días del que disponía para así hacerlo.

Tal cual esbozado previamente, [e]**n este contexto, el demandado que así actúa no incumple con un deber pues tiene el derecho o facultad de no comparecer si no desea hacerlo. Sin embargo, lo que el ordenamiento no permite es que, ante el ejercicio de esa facultad o derecho, el proceso se paralice. Es en ese momento que entra en función el mecanismo procesal de la rebeldía, de manera que la causa de acción continúe dilucidándose sin que necesariamente la parte**

**demandada participe. Queda claro entonces que, en virtud de este mecanismo procesal, el ejercicio de la prerrogativa por parte de un demandado de actuar en rebeldía no consigue dilatar el litigio en su contra y constituye una renuncia a la realización de ciertos actos procesales, en perjuicio de sus propios intereses.** *Rivera Figueroa v. Joe's European Shop,* supra, pág. 588.

Colegimos que, ante el hecho irrefutable de que la parte apelada no contestó dentro del término reglamentario, a pesar de haber sido emplazada, al tenor del derecho procesal antes esbozado, procedía que el foro apelado le anotara la rebeldía a la parte apelada JLL y no lo hizo. Consecuentemente, coincidimos con la parte apelante en que incidió el foro *a quo* al así proceder.

Como mencionamos, es una norma firmemente establecida que el tribunal apelativo no intervendrá con la discreción del tribunal de instancia, "salvo que se demuestre que hubo un craso abuso de discreción o que el tribunal actuó con prejuicio o parcialidad, **o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial".**[9]

## IV

Por los fundamentos que anteceden, se revoca el dictamen apelado y se devuelve el caso al Tribunal de Primera Instancia para la continuación de los procedimientos de conformidad con lo aquí resuelto.

Notifíquese.

---

[9] *Zorniak Air Services v. Cessna Aircraft Co.,* supra, págs. 170, 181 (1992); *Lluch v. España Service Station,* supra, págs. 729, 745 (1986).

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones